EDWIN B. MEEKS, as Executor of JOSEPH W. MEEKS, Deceased,
Respondent, *v.* CATHERINE L. MEEKS, Appellant, and SOPHIA
T. HAWKINS et al., Respondents. . . . . .

1. WILL — RULE OF CONSTRUCTION. In construing a will, an interpretation that will produce intestacy as to any part of the estate is to be avoided if possible.

2. EXCEPTION FROM FINAL DISPOSITION APPLIED TO LIFE INTEREST AND NOT TO CORPUS OF FUND. The fourth clause of a will gave the testator's widow a life interest in a trust fund sufficient to produce a certain specified income, but did not dispose of the *corpus* of that fund upon the termination of the trust. By the fifth clause, the testator directed his executors to make division and distribution of all his real and personal estate in the manner thereinafter specifically described, "excepting that part hereinbefore appropriated." *Held,* that the words quoted applied to the life interest of the widow only and not to the *corpus* of the fund; and, hence, that there was no intestacy as to the *corpus,* but that it was intended to pass, on the death of the widow, in the division of all the testator's estate as directed in the fifth clause, and so was disposed of by the will.

*Meeks* v. *Meeks,* 32 App. Div. 520, affirmed.

(Submitted October 27, 1899; decided November 21, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 7, 1898, affirming a judgment entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Walter H. Jaycox* for appellant. The appellant contends that the principal sum necessary to produce the income of $8,000 per annum, which income was bequeathed to the testator's widow during her natural life, in the 4th clause of his will, was not disposed of by the will upon the death of the widow, she not having remarried, but became the property of the next of kin of the testator. (*Jenkins* v. *Van Schaack,* 3 Paige, 242 ; *Bolton* v. *De Peyster,* 25 Barb. 563 ; *Toerge* v. *Toerge,* 9 App. Div. 194 ; *Kerr* v. *Dougherty,* 79 N. Y. 327 ; *Floyd* v. *Carow,* 88 N. Y. 560.) Where the

meaning of the testator is apparent from the language used, the plain import of the language cannot be departed from, though it result in rendering the will invalid. ( *Van Nostrand* v. *Moore*, 52 N. Y. 12; *Wylie* v. *Lockwood*, 86 N. Y. 297.) Where the will is the subject of construction, the intention of the testator as disclosed by the will, and not the general rule of construction, is to govern when they come in conflict. (*Matter of James*, 146 N. Y. 78.) Such a construction must be given to a will as will give effect to every expression contained in it, if it may be done without violating the plain and obvious intention of the testator. (*Carter* v. *Hunt*, 40 Barb. 89; *Terpening* v. *Skinner*, 29 N. Y. 505; *Biggart* v. *Jones*, 2 How. Pr. [N. S.] 491; *Matter of Westcott*, 16 N. Y. S. R. 286; *Crozier* v. *Bray*, 39 Hun, 121; *Freeman* v. *Coit*, 96 N. Y. 63.)

*Eugene D. Hawkins* for Sophia T. Hawkins et al., respondents. The testator, Joseph W. Meeks, by his will intended to dispose of his whole estate. (*Bd. of Missions' Appeal*, 91 Penn. St. 507.) The fifth subdivision of the will was intended by the testator as a general residuary clause. (*Green* v. *Dunn*, 20 Beav. 6; *Carter* v. *Bd. Education*, 68 Hun, 435; *Wyman* v. *Woodbury*, 86 Hun, 277.) This residuary clause is broad enough in its terms to include the principal of the fund created to produce the widow's annuity and pay the expenses of the Mt. Vernon house. (*Lamb* v. *Lamb*, 131 N. Y. 227; *Floyd* v. *Carow*, 88 N. Y. 560; *Riker* v. *Cornwell*, 113 N. Y. 115; *Bush* v. *Cowan*, 32 Beav. 228; *King* v. *Strong*, 9 Paige, 94; *King* v. *Woodhull*, 3 Edw. Ch. 83.) Subdivision fifth of the will contemplates more than one subdivision. (*Lamb* v. *Lamb*, 131 N. Y. 237.) That testator did not provide in express words for the contingency is no reason, in view of the context of the will, for saying that he did not intend that the principal of the fund should on the widow's death form part of the residuary estate. (*Matter of Crossman*, 113 N. Y. 509; *Lamb* v. *Lamb*, 131 N. Y. 237; Jarman on Wills, ch. 16; 1 Redf. on Wills, ch.

9, § 30; *Phillips* v. *Davies*, 92 N. Y. 199.) The principles of construction applied to the Meeks will so as to prevent an intestacy are correct. (*Tindall* v. *Tindall*, 24 N. J. Eq. 512; *Hulin* v. *Squires*, 63 Hun, 352; *Matter of Bonnet*, 113 N. Y. 522; *Banks* v. *Phelan*, 4 Barb. 91; *Elcan* v. *L. School*, 2 P. & H. 53; *Riker* v. *Cornwell*, 113 N. Y. 115; *Matter of L'Hommedieu*, 32 Hun, 10; *Roberts* v. *Cooke*, 16 Ves. 452; *Cambridge* v. *Rous*, 8 Ves. 25; *Bolles* v. *Smith*, 39 Conn. 217.)

*George M. Baker*, guardian ad litem, for infant respondents. The use of the words "excepting that part hereinbefore appropriated" in the fifth paragraph does not have the effect of excluding from the residuary estate any part of the *corpus* of the fund directed to be set apart by the fourth paragraph of the will. (*Matter of Tienken*, 131 N. Y. 391.) It was the evident intention of the testator, as expressed in his will, that the principal of said fund should eventually go to his residuary legatees. (*Matter of Crossman*, 113 N. Y. 503; *Smith* v. *Smith*, 141 N. Y. 29.) It is manifest that it was not the intention of the testator to die intestate as to any part of his property; and that he intended that whatever was not otherwise effectually disposed of was to fall into the residuum. (*Riker* v. *Cornwell*, 113 N. Y. 115.) The sixth paragraph of the will does not work an intestacy as to the principal of the fund upon the death of the widow. (*Smith* v. *Smith*, 141 N. Y. 29; *Miller* v. *Gilbert*, 144 N. Y. 68.) Even if it be conceded that, as to the principal of the fund mentioned in paragraph fourth, after the termination of the specified interests therein, the testator had made no disposition of the same, it would, nevertheless, pass under the residuary clause. (*Floyd* v. *Carow*, 88 N. Y. 560; *Smith* v. *Smith*, 141 N. Y. 29; *Matter of Allen*, 151 N. Y. 243.) It is evident that the purpose of the testator was to carve out of his estate certain interests not extending beyond life in any event, and then to give the whole of his estate, including the remainders after the termination of said life interests, to his residuary legatees. This

purpose is not to be sought in " particular words and phrases, but by construing the provisions of the will with the aid of the context and by considering what is the entire scheme of the will." (*Carter* v. *Bd. of Education*, 144 N. Y. 621; *Morton* v. *Woodbury*, 153 N. Y. 254.)

O'BRIEN, J.   The purpose of this action was to procure a judicial construction of the will of Joseph W. Meeks, who died in the month of March, 1878.   The controversy turns upon the meaning or construction to be imputed to a single phrase or expression which the testator made use of in the fifth clause of his will.

By the fourth or preceding clause the testator bequeathed to his wife, as long as she should remain his widow, the sum of eight thousand dollars per annum during her natural life, the same to be free of all charges, drawbacks, percentage or taxes, and to be paid in quarter-yearly installments, commencing immediately after his decease.   This bequest was made upon condition that it should be accepted by the widow in lieu and in full satisfaction of her dower or claim for dower in the estate; and the testator directed his executors and trustees to set apart and to invest and keep invested during the lifetime of his wife, or so long as she should remain his widow, a sum sufficient to produce the annual income of eight thousand dollars, and the necessary expenses for taxes, insurance and repairs attending the real estate, which had also been reserved for the use and benefit of his wife by another and previous clause of the will.

The appellant contends that the *corpus* of the fund thus appropriated by the will, in order to produce the necessary income of eight thousand dollars per annum and the expenses referred to, has not been disposed of by any provision of the will, and as to that fund the testator died intestate, and that, therefore, his heirs at law and next of kin are entitled to take the same.   The bequest to the widow was the income for life of a certain sum to be set apart for that purpose and sufficient in amount to produce the income and expenses specified.

It appears from the pleadings and the record that the executor and trustee under the will did, pursuant to this clause, set apart and invest from the testator's estate the sum of two hundred and forty thousand dollars in order to produce the income and expenses specified by the testator, and that this sum was so held by the executor and trustee at the time of the commencement of the action. It appears also that the widow died prior to the commencement of the action and thus the trust for her benefit has terminated and the principal of the fund must be distributed, according to the terms of the will, or, in case it has not been disposed of by will, under the Statute of Distributions.

By the fifth or residuary clause of the will the testator directs his executors to make division and distribution of all his real and personal estate in the manner thereinafter specifically described, "excepting that part hereinbefore appropriated." If the testator meant by this last expression to exclude from the final division and distribution directed by this clause, the *corpus* of the fund set apart under the trust for the benefit of the widow, then that part of the estate has not been disposed of by the will; but if he intended by the expression quoted simply to exclude the life estate of the widow, then it has been disposed of, since the fifth clause, in terms, relates to all of testator's real and personal estate not appropriated by the previous clauses of the will. These clauses, it will be seen, appropriated for the benefit of the widow only a life estate in a certain fund sufficient in amount to produce a certain specified income, but they did not assume to dispose of the *corpus* of that fund upon the termination of the trust. In making final disposition of his residuary estate in the fifth clause, it is obvious that the testator intended to dispose of all his property as therein indicated, except the life interests which had been carved out of the estate by the antecedent provisions of the will, and, hence, the words " excepting that part hereinbefore appropriated," apply to the life interest of the widow only and not to the *corpus* of the fund.

We should, if possible, give to the language of the testator

a construction which will render the instrument operative rather than invalid, and an interpretation that will produce intestacy as to any part of the estate is to be avoided if possible. (*Hoppock* v. *Tucker,* 59 N. Y. 203; *Phillips* v. *Davies,* 92 N. Y. 199; *DuBois* v. *Ray,* 35 N. Y. 162.)

We think it is quite clear, when the will is read as a whole, that the testator intended to dispose of all his property, and that the exception from the final disposition of the residuary estate in the fifth clause was but a method of expressing the idea that he intended the life estate in the fund, bequeathed to his wife in the previous clause of the will, to remain intact and unaffected by the final disposition. But he did not intend that it should embrace the *corpus* of the fund; on the contrary, that interest was to pass in the division of all his real and personal estate as directed in that clause. This construction is sustained by a careful analysis of all the terms of the will in the learned opinion of the court below at the Special Term, in which we fully concur.

The judgment is right and should be affirmed, with costs, to be paid from the fund in controversy.

All concur.

Judgment affirmed.