In the Matter of the Estate of ALICE G. WALTER, Deceased.

MAUDE A. GANOUNG, an Infant, by CHARLES H. NEWMAN, as Special Guardian, Appellant; HORACE S. POTTER et al., as Administrators of the Estate of HORACE S. WALTER, Deceased, Respondents.

(Argued January 8, 1936; decided March 3, 1936.)

*Charles H. Newman* for appellant. At the time of the death of the brother the appellant, in the eye of the law, was his child and his descendant, with all the rights of that relation. (*Matter of Cook,* 187 N. Y. 253; *Matter of MacRae,* 189 N. Y. 142; *Carpenter* v. *Buffalo General Electric Co.,* 213 N. Y. 101; *Bourne* v. *Dorney,* 184 App. Div. 476; 227 N. Y. 641.) The words " child or other descendant " as used in section 29 of the Decedent Estate Law (Cons. Laws, ch. 13) include a legally adopted child. (*Matter of Cook,* 187 N. Y. 253; *Matter of Horn,* 256 N. Y. 294; *Bourne* v. *Dorney,* 184 App. Div. 476; 227 N. Y. 641; *Matter of Foster,* 108 Misc. Rep. 604; *Matter of Horvath,* 155 Misc. Rep. 734; *Warren* v. *Prescott,* 84 Me. 483.) The words " child " and " children " are generally held to include an adopted child. (*Ross* v. *Ross,* 129 Mass. 243; *Power* v. *Hafley,* 85 Ky. 671; *Matter of Rowan,* 132 Penn. St. 299; *Markover* v. *Kraus,* 132 Ind. 294; *Gray* v. *Holmes,* 57 Kan. 217; *Dodin* v. *Dodin,* 16 App. Div. 42; 162 N. Y. 635; *Matter of Winchester,* 140 Cal. 468; *Matter of Walworth,* 85 Vt. 322; *Bernero* v. *Goodwin,* 267 Mo. 427; *Hopkins* v. *Gifford,* 309 Ill. 363.)

*Adolph H. Huttar* and *Eugene Terry* for respondents. An adopted child inherits from but not through the foster parent. (*Hopkins* v. *Hopkins,* 236 N. Y. 545; *Matter of Powell,* 112 Misc. Rep. 74; 193 App. Div. 965; *Matter of Hall,* 234 App. Div. 151; 259 N. Y. 637; *Winkler* v. *New York Car Wheel Co.,* 181 App. Div. 239; *Bertholf* v. *U. S. Shipping Board Emergency Fleet Corp.,* 18 Fed. Rep. [2d] 99; *Matter of Haight,* 63 Misc. Rep. 624; *Cook* v. *Munn,* 12 Abb. N. C. 344; *Matter of Hafner,* 45 App. Div. 549; *Tuttle* v. *Tuttle,* 2 Dem. 48; *Matter of Spitz,* 129 Misc. Rep. 78; *Matter of Leask,* 197 N. Y. 193.) The order should be affirmed. (*Phillips* v. *McConica,* 59 Ohio St. 1; *Matter of Woodcock,* 103 Me. 214; *Matter of Horn,* 256 N. Y. 294; *Matter of Martin,* 224 App. Div. 873.)

CRANE, Ch. J.  On October 6, 1920, the appellant, Maude Ayers Ganoung, then three years old, was duly adopted by one James H. Ganoung, who had no children of his own blood.  This adopted daughter lived with her foster parent until his death in 1933.  Alice Ganoung Walter, a sister of James H. Ganoung, knew all about the adoption, and expressed her approval of it; she was very friendly with her niece by adoption, made gifts to her; they visited back and forth; in fact they were neighbors.  When Mrs. Walter married she was past fifty and had no children of her own.

On December 2, 1932, Mrs. Walter made her will giving all her property to her brother.  As it is quite short we give it in full:

" LAST WILL AND TESTAMENT.

" I, Alice Ganoung Walter, of the Town of Ulysses in the County of Tompkins and State of New York being of sound mind and memory, do make, publish and declare this my last Will and Testament, in manner following that is to say:

" First, I give, devise and bequeath all my property both real estate and personal property including my farm of about $39\frac{1}{2}$ acres in the Town of Ulysses, Tompkins County, N. Y. to my brother, James H. Ganoung, of Rochester, N. Y., absolutely.  All that I have I will to my said brother.

" Lastly, I appoint my brother, James H. Ganoung, executor of this, my last Will and Testament: hereby revoking all former wills by me made.

" In witness whereof, I have hereunto subscribed my name the 2nd day of December in the year Nineteen hundred and thirty-two.

" (Signed) ALICE GANOUNG WALTER."

Notice that there is no remainder, reversion or gift over on the death of James.

On January 12, 1933, the brother, James H. Ganoung, died leaving the appellant, his adopted child, surviving

and no other children or descendants. On May 1, 1933, the testatrix, Alice Ganoung Walter, died without having made any change in her will.

The Surrogate of Tompkins county held that the legacy to the testatrix's brother did not lapse at his death but passed to the adopted daughter, Maude Ayers Ganoung. The Appellate Division thought otherwise and reversed the decree. We are of the opinion that the Surrogate's decision is in accordance with the statutes and the authorities.

The status of an adopted child is no longer in doubt (Domestic Relations Law [Cons. Laws, ch. 14], art. 7). Section 114 of that law provides: " The foster parent or parents and the person adopted sustain toward each other the legal relation of parent and child, and have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other, * * * but as respects the passing and limitation over of real or personal property *dependent under the provisions of any instrument* on the foster parent dying without heirs, the person adopted is not deemed the child of the foster parent so as to defeat the rights of remaindermen." As we mentioned above, there is no provision in the will of the testatrix respecting the passing or limitation over of the bequest to James H. Ganoung.

This court said in *Matter of Cook* (187 N. Y. 253, 261): " In the eye of the law, therefore, adopted children are lineal descendants of their foster parent. They are in the line of descent from him through the command of the statute, the same as if that line had been established by nature." And in *Bourne* v. *Dorney* (184 App. Div. 476; affd., 227 N. Y. 641) it was held that the Statutes of Descent and Distribution strictly available to those of the blood inure to the benefit of an adopted child under the present statute of adoption.

The adopted child, however, is not left in this case dependent upon the adoption statute and these expres-

sions of the courts, sufficient though they might prove to be. Section 29 of the Decedent Estate Law (Cons. Laws, ch. 13) covers the facts here presented. " Whenever," reads that section, " any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, or to a brother or sister of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate."

These words as they are given and read apply precisely and exactly to the appellant's situation. It is conceded that if James H. Ganoung had survived his sister one day his legacy would have passed to his adopted daughter. The above statute says that if a brother, to whom personal property is bequeathed, die during the lifetime of the testatrix, leaving a child or other descendant, the legacy shall not lapse but vest in the child or descendant. What kind of child or descendant? The statute states — as if such brother had survived the testatrix and had died intestate. Had he survived, the adopted daughter would have taken. The Domestic Relations Law so enacts and all parties so admit.

What then is the escape from this statute? The plea is, that because section 29 of the Decedent Estate Law (formerly R. S. part 2, ch. 6, tit. 1, art. 3, § 52) was the law before the present adoption statute was enacted (Laws of 1887, ch. 703), the words " child " and " descendant " must be limited to blood relationship as they were when the Revised Statutes became the law. The answer to this suggestion is that the Legislature passed both the Decedent Estate Law and the Domestic Relations Law and had full power over the disposition of property by will or descent. By the latter law it made an adopted child the same as a

natural child for the purposes of inheritance from its foster parent. Such a "child" thus created by the Legislature fitted in exactly to the existing Decedent Estate Law, section 29, which said that a legacy to a brother would not lapse by his death but pass to his child "as if such legatee [brother] * * * had survived." The "child" created by the Legislature would take on survivorship under the adoption statutes (Dom. Rel. Law). The Legislature could not make it plainer and there was no need for amending section 29.

The Legislature could and did give a broader meaning to the word "child" so as to include "adopted child" under the circumstances stated in section 29. And as if to remove all doubt if there could be any the Legislature made one specific reservation by providing that the person adopted is not deemed the "child" of the foster parent so as to cut off any limitation over "dependent under the provisions of any instrument on the foster parent dying without heirs." This was to safeguard the intention of a testator who by his will in using the word "heirs" may have meant blood relations and also to prevent fraud through an adoption for the very purpose of cutting out a remainder. (See *Matter of Horn*, 256 N. Y. 294.) In *United States Trust Co.* v. *Hoyt* (150 App. Div. 621) it was held that where a deed of trust left property to the foster parents for life and on their death without issue to the next of kin of the foster father, an adopted child was entitled to the entire remainder to the exclusion of the collateral relatives.

Much reliance has been placed upon *Matter of Leask* (197 N. Y. 193, 195), where the instrument provided for a limitation over of income payable to a nephew in these words, "During his life, and, upon his death leaving a child or children surviving him to pay over the principal of said sum to such child or children." This case called for an interpretation of the will and was decided upon the apparent intention of the testator, not on the construction

of the above statutes. As was said of this decision in the *Hoyt Case (supra)*, " an adopted child did not come within the intent or meaning of the testator " (p. 633). The same idea was expressed by Justice CULLEN (later of this court) in *Dodin* v. *Dodin* (16 App. Div. 42, at p. 48): " While the law made the defendant Josephine a legal child of the deceased, the test is not what her status was at law, but how she is treated in the nomenclature or vocabulary of the testator."

We are not puzzled to ascertain the intent of this testatrix as she made no limitation over and consequently did not use the words " child," " heirs " or " descendants."

The extraordinary result which would follow the narrow construction given to section 29 of the Decedent Estate Law would be strikingly noticed had James H. Ganoung left a natural child as well as his child by adoption. The natural child would take all of the bequest under Mrs. Walter's will and the adopted daughter nothing. This is not in harmony with the beneficent consideration which the Legislature has given to children by adoption.

The case of *Matter of Martin* (133 Misc. Rep. 80; affd., 224 App. Div. 873, without opinion), in so far as it is inconsistent with the views here expressed, does not reach our approval.

Intestacy is avoided, a will upheld by the decision we make, which is the end desired wherever possible. (*Meeks* v. *Meeks*, 161 N. Y. 66.)

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division payable out of the estate.

CROUCH, J. (dissenting). My difficulty in accepting the majority view is this: Nowhere on the face of the statutes, or by implication from their history, can I discover any indication of a legislative intent to give an adopted child any right under what is now section 29 of the Decedent Estate Law. Indeed, the contrary is indicated.

That section had its origin in section 52 of title 1 of chapter 6 of part 2 of the Revised Statutes of 1829 (2 R. S. [1st ed.] p. 66). It was part of the comprehensive revision covering the entire field " Of Wills and Testaments; of the Distribution of the Estates of Intestates; and of the Rights, Powers and Duties of Executors and Administrators " (Ch. 6). It reads as follows:

" § 52. Whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, and such legatee or devisee shall die during the life-time of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate."

From that day to this the language has remained unchanged, except that by the Laws of 1912, chapter 384, the words " or to a brother or sister of the testator " were added.

The intent of section 52 was to modify the common law rule of lapse. (*Matter of Wells*, 113 N. Y. 396, 400.) It did not apply to adopted children, since adoption was unknown to the common law and there was no general adoption statute until 1873.

At this point I ask myself when and by what legislative enactment the original application of section 52 (now Dec. Est. Law, § 29) was extended to apply to adopted children? I am unable to answer. Here follow the only relevant acts:

By Laws of 1873, chapter 830, adoption of children was legalized. Section 10 of that act, which is the origin of section 114 of the Domestic Relations Law, read as follows:

" § 10. A child, when adopted, shall take the name of the person adopting, and the two thenceforth shall sustain toward each other the legal relation of parent and child, and have all the rights and be subject to all the

duties of that relation, excepting the right of inheritance, except that as respects the passing and limitations over of real and personal property, under and by deeds, conveyances, wills, devises and trusts, said child adopted shall not be deemed to sustain the legal relation of child to the person so adopting."

I cannot believe that the Legislature, expressly excepting, as it thus did, the right of inheritance even from the foster parent, intended to or did by that section grant to an adopted child the right to take a devise to a deceased foster parent under what was then section 52 (2 R. S. p. 66) and is now section 29 of the Decedent Estate Law. The same policy which dictated the exclusion of inheritance dictated the exclusion of the analogous — indeed almost identical — right under section 52. Whether socially justified or not, the blood tie is a strong human instinct and has always been so recognized in the law. During the years since 1873, the ban on inheritance by adopted children has been modified from time to time, but always by express statutory enactments; and these enactments necessarily have been strictly construed by the courts, since they were in derogation of common law. Thus:

By Laws of 1887, chapter 703, section 10 of the adoption statute of 1873 was amended by changing the clause " *excepting* the right of inheritance " so as to read " *including* the right of inheritance." Literally read, that amendment threw wide the doors; but apparently that was not the legislative intent, for in the Domestic Relations Law of 1896 (Laws of 1896, ch. 272, § 64) the clause was amended to read " including the right of inheritance *from each other*." Since the status of parent and child by adoption was created by something in the nature of contract, descent and distribution were permitted as between the parties to it. But beyond that the Legislature did not go; and so the courts have held. (*Hopkins* v. *Hopkins*, 202 App. Div. 606; affd., 236 N. Y. 545; *Matter of Hall*, 234 App. Div. 151; affd., 259 N. Y. 637.)

By Laws of 1931, chapter 562, the adoption law (Dom. Rel. Law, § 114) was amended again so as to permit one adopted child to inherit from another adopted child of the same foster parent or parents. But that amendment was not intended, even by implication, to change the rule that an adopted child could not inherit from a natural child of the same parent or parents. (Note of Commission on Revision of Decedents Law, see 14 McKinney's Statutes, Supplement, p. 69.)

It is submitted that the Legislature has never, either expressly or impliedly, said that an adopted child may, under section 29 of the Decedent Estate Law, take a devise to his deceased foster parent from one in the direct line, much less from a collateral. The course of legislation for many years in respect to descent and distribution of property, as far as adopted children are concerned, evidences a clear intent to confine it to the immediate parties to the adoption contract. To permit a contrary result in an almost identical matter does violence, as it seems to me, to an established policy, and is judicial legislation pure and unalloyed.

*Matter of Horn* (256 N. Y. 294) is the case relied upon as establishing the contrary view. But all the court did there was to seek and to find the *intent of the testator* from the language of the will and from surrounding circumstances. " There is no doubt," said the court, " of the identity nor of the testator's intention " (p. 296).

Here we are not concerned with the intent of the testatrix. On the record there can be no substantial claim that she intended to give her property to the appellant. What we are concerned with is the intent of the Legislature in enacting the two statutes by virtue of which the appellant claims that property. I fail to find any indication of a legislative intent to permit an adopted child to take under the lapse statute. On the contrary, it seems to me the Legislature, following a long-continued policy, has deliberately refrained from granting that right. A change in

policy should come from the Legislature and not from the courts. Moreover, there may well be two views of the desirability of such a change. The adopted child is not the only one to be considered. Some heed should be given to the plight of the average testator, who, for instance, would be surprised to learn that a gift by will to his brother would, in case his brother died first, go to some child of alien blood, adopted perhaps long after the will was made.

The judgment should be affirmed.

LEHMAN, LOUGHRAN and FINCH, JJ., concur with CRANE, Ch. J.; CROUCH, J., dissents in opinion, in which O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.