In the Matter of the Accounting of JAMES GARRETSON, as Executor of DOMENICO C. TOMACELLI-FILOMARINO, Deceased.*

Surrogate's Court, New York County, June 11, 1947.

* See, also, Matter of Vincent, 189 Misc. 489.—[REP.

*Choate, Byrd, Leon & Garretson* for petitioner.

*Roy G. Peterson* for Leonardo H. Tomacelli, respondent.

*Mitchell, Capron, Marsh, Ángulo & Cooney* for City Bank Farmers Trust Company, trustee, respondent.

*Owen McGivern,* special guardian for Elvira Tomacelli, an infant, respondent.

COLLINS, S. This is an accounting by the executor under a will of a nonresident decedent. The decedent died a resident of the State of Oaxaca, Mexico. He left a will which was probated in this court disposing of property situated in this country. He also left assets in Mexico. The provisions of the will clearly indicate the decedent's intention that it be construed in accordance with the laws of the State of New York. (*Hutchinson* v. *Ross,* 262 N. Y. 381; *Matter of Ryan,* 178 Misc. 1007, affd. 265 App. Div. 1051, motion for leave to appeal denied 266 App. Div. 719 and 290 N. Y. 933.)

The executor requests that the nature and extent of the interest, if any, of Elvira Tomacelli, an infant daughter of the decedent, born out of wedlock and residing in the State of Oaxaca, Mexico, in the estate of the decedent be determined and decreed. She was born to the decedent, then a widower, and one Guadalupe Martinez in the State of Oaxaca, Mexico, on October 8, 1934, after the execution of the decedent's will. The parties never intermarried. However, on January 26, 1937, the decedent caused the infant to be formally recognized as the natural child of the decedent and the said Guadalupe Martinez. In accordance with the provisions of the law of the State of Oaxaca, the infant became the acknowledged child of the decedent.

The infant was not named as a legatee or referred to in the will in any way. The special guardian appointed for her by this court contends on her behalf that she thereby became entitled to take against the will under section 26 of the Decedent Estate Law her intestate share, as if the decedent had died intestate.

It is well settled that the status of a child as legitimate or illegitimate must be determined by the law of his or her domicile. (*Miller* v. *Miller,* 91 N. Y. 315.) If legitimate there he or she would be deemed legitimate everywhere, except where the child is of a marriage which is polygamous, incestuous or prohibited by law. (*Matter of Bruington,* 160 Misc. 34.) Under the provisions of the Civil Code of Oaxaca, Mexico, where the infant Elvira was born, a child born out of wedlock can be

legitimatized only by the subsequent marriage of the parents. In that respect it is similar to our own laws. (Domestic Relations Law, § 24.) There are provisions in the Civil Code of the State of Oaxaca whereby an illegitimate child acquires certain rights of support and inheritance if it is formally recognized and acknowledged by its putative father and its mother. However, under the law of that State an acknowledged child has not the status of legitimacy. It still remains an illegitimate child.

The law of New York under which this will is construed entitles an illegitimate child to inherit only from its mother. (Decedent Estate Law, § 83, subd. 13.) There have been created no such rights of inheritance either from or in favor of the putative father. (*Anonymous* v. *Anonymous*, 174 Misc. 906; *Matter of Burdak*, 173 Misc. 839, affd. 261 App. Div. 952, motion for leave to appeal or for reargument denied 262 App. Div. 725.) Section 26 of the Decedent Estate Law has therefore no application. The Surrogate holds that the infant has no interest whatever in the estate administered here.

Submit decree on notice settling the account accordingly.