JOSEPHINE PALERMO, Respondent, v. THOMAS PALERMO, Appellant.— Appeal by defendant from an order directing him to pay plaintiff the sum of $150 as counsel fee to enable her to defend the appeal in *Palermo* v. *Palermo* (*ante*, p. 859), decided herewith. Order affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.

JOSEPHINE PALERMO, Respondent, v. THOMAS PALERMO, Appellant.— Appeal by defendant from an order directing him to pay plaintiff a $100 counsel fee to defend the appeal in *Palermo* v. *Palermo* (*ante*, p. 860), decided herewith. Order affirmed, with $10 costs and disbursements. No opinion. Lewis, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.

ALBERT W. PROSS et al., as Successor Trustees under a Deed of Trust made by MABEL E. F. ANSON, Respondents, v. HELEN F. ANSON, an Infant, by Her Guardian ad Litem, WILLARD B. VANDER VOORT, et al., Respondents-Appellants; ALEXANDER HALPERN, as Successor Trustee under the Will of MABEL E. FLAKE, Deceased, Appellant, and TITLE GUARANTEE AND TRUST COMPANY, as Guardian of the Property of HELEN F. ANSON, an Infant, et al., Respondents.— In an action to construe a trust agreement executed in 1906, as possibly affected by a will executed in 1941, and to dispose of the property in the trust, judgment, insofar as appealed from, unanimously affirmed, with costs to all parties filing briefs, payable out of the trust estate. The findings and conclusions are adjusted as follows: In the "Decision" findings numbers "Eleventh" and "Twelfth" are each modified by striking out the word, "not". As thus modified all the findings and conclusions in the decision are affirmed. All the proposed findings and conclusions submitted by the guardian ad litem, whether found or refused by the trial justice, are found and affirmed. In our opinion the adopted daughter is a descendant within the meaning of the trust agreement executed by her foster mother. (*Matter of Cook*, 187 N. Y. 253, 260.) *Matter of Dudley* (168 Misc. 695) and *Matter of Marsh* (143 Misc. 609) are not to the contrary. There the adopted children were not related in blood or in law but were strangers to the grantors. The provisions of the fourth paragraph of section 115 of the Domestic Relations Law (L. 1938, ch. 606, § 1, as amd.), providing that rights of remaindermen shall not be defeated, has no application to the facts in this case. Carswell, Johnston, Adel and Wenzel, JJ., concur; Lewis, P. J., concurs in the result, upon the opinion rendered at Special Term by Mr. Justice SNEED.