In the Matter of the Accounting of BANKERS TRUST COMPANY, as Trustee under the Will of ISAAC B. HOSFORD, Deceased.

Surrogate's Court, New York County, July 25, 1952.

*Hugh L. Thomson* for trustee, petitioner.

*Herman Goldman, Milton J. Levitt* and *Paul Bauman* for Peter K. Engle and another, respondents.

*Ruth Lewinson,* special guardian for Lani C. Engle, an infant, respondent.

*Copal Mintz* for Barry S. Brackett, and as special guardian for June D. Brackett and others, infants, respondents.

*Richard W. Dammann,* special guardian for Michael J. Miller, an infant, respondent.

COLLINS, S.   The trustee is rendering its final accounting of one trust and its intermediate accounting of two other trusts. It requests a construction of decedent's will so as to determine the persons entitled to the remainder of the terminated trust.

Decedent died in 1925.   His will had been executed in 1924. In article Seventh thereof decedent created a trust of his residuary estate for the benefit of his wife for life.   Upon her death he directed that the principal be divided into three equal shares. Two such shares were to be held on further separate trusts, for the benefit respectively of his two daughters for life (subds. a and b).   In the first paragraph of subdivision c of said article Seventh the testator directed that the third such share be divided into as many parts as he had grandchildren surviving him and to pay the income from each such part to the grandchild for life.   If the grandchild died leaving issue then the principal is payable to such issue.   If the grandchild died leaving no issue then the principal is payable to the "remaining grandchildren in equal shares or portions, the children of any such grandchildren who may then be dead to take the share or portion which their parent would have received had it lived."

Decedent was survived by four grandchildren.   A trust, under subdivision c, for the benefit of one of his grandchildren,

Bonita K. Shainwald, has terminated by her death. She left no issue but left a child whom she had adopted in 1934. The first question of construction is whether the adopted child comes within the term " issue " of the life beneficiary so as to entitle him to the remainder of the trust. The court holds that it does not and the adopted child is not entitled to share in the estate (Domestic Relations Law, § 115). The authorities cited by the special guardian are not applicable.

This determination brings up the second question of construction presented. Another grandchild was born about a year and a half after decedent's death. He is the child of decedent's daughter, Faith Hosford Engle. Is he to share in the principal of the terminated trust as one of the " remaining grandchildren " described in the first paragraph of subdivision c of article Seventh of the will?

At the time of the execution of the will Faith Hosford Engle had one child. The testator considered that another child or children might be born to her when in the second paragraph of said subdivision c he directed that if that event did happen the share which would be set apart for her child under the first paragraph thereof would continue in trust until her youngest child reached majority or her then living child died. While the trust continued the income was to be divided equally among Faith's children. Upon the termination of the trust by either of the aforementioned events, the principal was to be divided equally among all of Faith's children and the survivors of them, " the children of any such child then deceased to take the share or portion which the parent would have received had it lived ". The testator could only have contemplated children born to Faith after his death because any born between the date of the execution of the will and his death would be the beneficiary for life of a trust under the first paragraph of subdivision c, as a surviving grandchild.

The court concludes that the testator intended that the child born to Faith after his death shares only in the income and possibly in the principal of the trust established for her first child and will not be entitled as a " remaining " grandchild to any part of any other trust created in the first paragraph of subdivision c. (*Matter of Watson*, 262 N. Y. 284.) In the *Watson* case the testatrix created as many separate trusts as there were children of a named cousin and grandchildren of another named cousin surviving her. There were seven such survivors. She directed that upon the death of a life

beneficiary the principal of the trust was payable to his or her issue per stirpes and in default of issue to be divided equally between " said surviving children and grandchildren, and the issue of any who may have died *per stirpes*." One of the life beneficiaries died without issue. The court held that the principal of his trust must be divided equally among the six other children and grandchildren described aforesaid who survived the testatrix to the exclusion of the issue of any child or grandchild who predeceased her. Conversely here under the language of the will, any grandchild born after the decedent's death is not entitled to share in the principal of a trust established in the first paragraph of said subdivision c in the circumstances presented. The court is of the opinion that when the testator used the words " remaining grandchildren " in disposing of the remainder of the trust he was referring to the grandchildren who were living at the time of his death.

Fixation of the compensation of the attorneys for the trustee will await the filing of a report of the special guardian.

Proceed accordingly.