## In the Matter of the Estate of ANONYMOUS.

Surrogate's Court, New York County, November 10, 1953.

*Robert Hoffman* for petitioner.

*Marvin J. Ross,* special guardian for infant, respondent.

FRANKENTHALER, S. The issue raised herein is whether a person alleged to be illegitimate is entitled to the benefit of section 29 of the Decedent Estate Law, the " anti-lapse " statute, as a " child " of a legatee. By his will which has heretofore been admitted to probate, decedent bequeathed $2 to each of two brothers, his sole heirs and next of kin, similar amounts to an uncle and a nephew, and the residue to a sister who was also nominated executrix. The sister predeceased the testator leaving surviving a minor child who, it is alleged, was born out of wedlock. Application is now made by one brother, upon the consent of the other, for issuance to him of letters of administration *c.t.a.* on the theory that the residuary bequest lapsed and passed by intestacy to the brothers. The special guardian for the infant has interposed objections on the ground the residuary bequest vested in said child pursuant to section 29 of

the Decedent Estate Law. The parties agreed to submit to the court the legal question so raised before the submission of proof on the issue of legitimacy.

Section 29 of the Decedent Estate Law, reads as follows: " Whenever any estate, real or personal, shall be devised or bequeathed to a child or other descendant of the testator, or to a brother or sister of the testator, and such legatee or devisee shall die during the lifetime of the testator, leaving a child or other descendant who shall survive such testator, such devise or legacy shall not lapse, but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee or devisee, as if such legatee or devisee had survived the testator and had died intestate." At the common law a bequest lapsed whenever the legatee predeceased testator, and section 29 was enacted in order to ameliorate the rigors of the common-law rule by substituting the descendants of the devisee or legatee in his stead (2 Davids on New York Law of Wills, § 682). As the statute is remedial in purpose, it is to be given a liberal construction consonant with the intent of the Legislature.

The right of an illegitimate to inherit is set forth in subdivision 13 of section 83 of the Decedent Estate Law: " If a woman die, leaving illegitimate children, or the legitimate descendants of deceased illegitimate children and no lawful issue, such children or descendants inherit her real and personal property as if such children were legitimate." As decedent's sister left no lawful issue, it is apparent that the ward of the special guardian comes precisely within the terms of section 29, for if his mother " had survived the testator and had died intestate," he would be deemed her " child " or " descendant " by virtue of the statute of descent and distribution. An analogous question was considered by the Court of Appeals in *Matter of Walter* (270 N. Y. 201). There, testatrix bequeathed her entire estate to her brother who predeceased her leaving surviving an adopted child. It was urged on behalf of such child that she succeeded to her foster father's interest by virtue of section 29 of the Decedent Estate Law, and the court so held. It stated: " The adopted child, however, is not left in this case dependent upon the adoption statute and these expressions of the courts, sufficient though they might prove to be. Section 29 of the Decedent Estate Law (Cons. Laws, ch. 13) covers the facts here presented. * * * These words as they are given and read apply precisely and exactly to the appellant's situation. It is conceded that if (the named legatee) had survived (the

testatrix) one day his legacy would have passed to his adopted daughter. The above statute says that if a brother, to whom personal property is bequeathed, die during the lifetime of the testatrix, leaving a child or other descendant, the legacy shall not lapse but vest in the child or descendant. What kind of child or descendant? The statute states — as if such brother had survived the testatrix and had died intestate. Had he survived, the adopted daughter would have taken.'' (270 N. Y. pp. 204-205.) This reasoning is here controlling. Had decedent's sister survived him by one day and then died, the special guardian's ward would have been entitled to her entire estate. When his mother died without leaving other issue, he was her '' child '' within the meaning of the Decedent Estate Law (*Matter of Anonymous,* 165 Misc. 62; *Bunce* v. *Bunce,* 14 N. Y. S. 659). The weight of authority in other jurisdictions supports this conclusion (*Goodwin* v. *Colby,* 64 N. H. 401; *Cherry* v. *Mitchell,* 108 Ky. 1, cf. *Matter of Esposito,* 57 Cal. App. 2d 859. But see *Wettach* v. *Horn,* 201 Pa. 201).

It is urged by petitioner, however, first, that an illegitimate child traditionally has been regarded as *nullius filius* and not within the legislative intendment of the terms '' child '', '' issue '' or '' descendant '', and, second, that as an illegitimate has no right of inheritance from his maternal relatives, he may not succeed to the property of such relative by virtue of section 29.

In support of his contention that the term '' child '' when used in a statute does not contemplate an illegitimate, petitioner cites *Matter of Cady* (257 App. Div. 129, affd. 281 N. Y. 688); *Matter of Simpson* (175 Misc. 718, 723, affd. 262 App. Div. 1001); *Matter of Vincent* (189 Misc. 489); *Matter of Anonymous,* (*supra*); *Bell* v. *Terry & Tench Co.* (177 App. Div. 123), and *Matter of Miller,* (110 N. Y. 216). In *Matter of Cady* (*supra*), the court stated the generally accepted rule that an illegitimate child may not inherit from the heirs and next of kin of his mother and therefore is not entitled to letters of administration upon the estate of such relatives (see, also, *Matter of Simpson, supra*). In *Matter of Vincent* (*supra*), and *Bell* v. *Terry & Tench Co.* (*supra*), the illegitimate asserted a right in the property of his father. As the statute makes no provision for inheritance from the father (see *Matter of Tomacelli-Filomarino,* 189 Misc. 410), these decisions are not here in point. In *Matter of Anonymous* (*supra*), Surrogate WINGATE held that the illegitimate was a '' child '' of his mother within section 83 where decedent had left no other issue but was survived by a spouse.

It is clear therefore that the decisions relied upon by petitioner do not stand for the general proposition that whenever used in a statute the term " child " excludes illegitimates. Indeed, a contrary conclusion was reached with respect to the applicability of section 26 of the Decedent Estate Law. In *Bunce* v. *Bunce* (14 N. Y. S. 659), it was held that an illegitimate child born after the execution of a will by his mother was entitled to the benefit of the statutory predecessor of section 26 (L. 1869, ch. 22) and for that purpose was to be deemed the " child " of his mother.

That the term " child " as used by the Legislature is not necessarily confined to the natural offspring of the marriage of the designated ancestor is further evidenced by the status accorded to adopted children. It is generally held that an adopted child is entitled to the benefit of all statutory rights accruing to a " child " or " descendant " (*Matter of Walter, supra;* Decedent Estate Law, § 29; *Matter of Mawhinney,* 146 Misc. 30, affd. 239 App. Div. 874; Decedent Estate Law, § 17; *Matter of Guilmartin,* 156 Misc. 699, affd. 250 App. Div. 762, affd. 277 N. Y. 689; Decedent Estate Law, § 26). That there are significant differences in status between adopted children and those born out of wedlock cannot be denied. Nevertheless, they stand in an analogous position with respect to the right of inheritance insofar as neither may inherit from the next of kin of the parent (cf. *Matter of Hodges,* 294 N. Y. 58, with *Matter of Cady, supra*). In light of the similarities in status between adopted children and illegitimates with respect to rights of estate succession, the favorable attitude of the courts toward the former (*Matter of Upjohn,* 304 N. Y. 366; *Matter of Charles,* 200 Misc. 452, affd. 279 App. Div. 741, affd. 304 N. Y. 776) must be given consideration in defining the rights of the latter. Petitioner has cited *Matter of Miller* (110 N. Y. 216, 221) which held that an adopted child was not a " child * * * (or) lineal descendant born in lawful wedlock " within the intendment of the Collateral Inheritance Tax Law of 1885 (L. 1885, ch. 483). At the date of enactment of that law, however, adopted children had no right of inheritance from their foster parents (L. 1873, ch. 830, § 10). The first limited right of inheritance was granted in 1887 (L. 1887, ch. 703) and at the same session of the Legislature the Tax Law was broadened to grant exemptions to bequests to " children adopted as such in conformity with the laws of the State of New York " (L. 1887, ch. 713). The courts have taken a most liberal approach in applying this and succeeding statutes (*Matter of Cook,* 187 N. Y.

253, 260; *Matter of Duryea,* 128 App. Div. 205; *Matter of Butler,* 129 Misc. 396; *Matter of Bryant,* 165 Misc. 840). It is evident, therefore, that the *Miller* case is not in point. Likewise, *Matter of Underhill* (176 Misc. 737) is not in point for the court there was concerned with the construction of a will and not with a determination of the scope of statutory intention.

Finally, petitioner argues that one who succeeds to a bequest by virtue of section 29 takes from the testator and not from his parent, and that an illegitimate is not entitled to the benefit of this section as he may not inherit from the relatives of his mother. Reliance is placed upon the decision of the Court of Appeals in *Matter of Keenan* (302 N. Y. 417). Testator had bequeathed $5,000 to a brother who predeceased him leaving three children in whom the gift vested. The executor claimed that the bequest was entitled to the exemption provided in section 249-q of the Tax Law, with respect to gifts to a " brother ". No exemption is accorded a gift to nephews or nieces. The court held that the exemption was unavailable on the ground that the gift was not transferred to the brother but vested in his children, and that the last clause of section 29 was not intended to vest the property in the deceased legatee but merely to describe the class to whom such property would pass.

It is the opinion of the court that this decision was not intended to modify the holding or reasoning of the court in *Matter of Walter (supra).* It was argued in the *Walter* case that as an adopted child may inherit *from* its foster parents but not *through* them, it could not succeed to a bequest by virtue of section 29 and thereby inherit from the heirs of its foster parent. The court rejected this contention upon the grounds hereinbefore mentioned. This issue was not raised in the *Keenan* case. The court there was not asked to determine the class of persons entitled to the benefit of section 29, but rather was required to ascertain the effect of such succession under the Tax Law. Its decision was not intended to nor can it be construed as to affect the rights of illegitimates under other provisions of the law.

The court can find nothing in the intent of the Legislature or in the decisions of the courts which would warrant it in narrowly confining the scope of section 29. The antipathy toward those born out of wedlock should not be extended beyond its historical bounds where to do so would result in injustice. In the present case it was decedent's intention to deprive his brothers of all but a token share in his estate, and to vest the entire estate in his sister. Had she survived, the infant would have been her sole heir. To defeat this plan requires a positive

showing of illegality. In this petitioner has failed. Accordingly, petitioner's application is denied and letters of administration *c.t.a.* will issue to the general guardian of the property of the infant or, if none is appointed within thirty days, to the public administrator.

In accordance with the special guardian's recommendation the petition will be impounded and sealed and petitioner is directed to submit a new petition excluding all reference to the paternity of the infant (see *Matter of Anonymous*, 165 Misc. 62).

Submit decree on notice.