Elbert T. Gallagher, J.
In this intermediate accounting by the trustees of an inter vivos trust the court is asked to *648 construe the trust indenture and determine, preliminarily, whether Lisa Barbarita, an adopted child of the settlor, is entitled to share as one of the income beneficiaries and remaindermen.
The indenture employs the word “issue” to identify the class of persons who are to receive the income of the trust fund and employs the words ‘ ‘ children of the settlor ’ ’ to identify the class of persons who are to share in the division of the corpus. The infant, Lisa Barbarita, was adopted by the settlor subsequent to the creation of the trust. However, since the trust was established for the benefit of certain classes of persons and not for the benefit of specific individuals, the right of the said infant to share depends not upon the date of the adoption in relation to the creation of the trust, but rather upon whether an adopted child is included within either or both of the class designations.
Section 115 of the Domestic Relations Law provides: “ * * * The foster parents or parent and the foster child shall sustain toward each other the legal relation of parent and child and shall have all the rights and be subject to all the duties of that relation including the rights of inheritance from each other.”
The Court of Appeals referring to this statute in Matter of Upjohn (304 N. Y. 366, 374) stated: “ Terms such as 1 issue ’, ‘ lawful issue’, 1 descendants ’ — and the word 6 children ’ as well■ — may or may not include adopted children; read alone, and apart from context, those words are ambiguous. * * * If, though, they are read in light of the adoption statute — as properly they may be [citations] ■ — they do include a foster child. ’ ’
Those cases which have held that such terms do not include an adopted child (e.g., Matter of Leask, 197 N. Y. 193; Matter of Price, 4 Misc 2d 1026; Matter of Hosford, 203 Misc. 146, affd. 282 App. Div. 1026) are distinguishable in that they deal with a situation where the grantor or testator was a stranger to the adoption. Such cases are illustrations of the rule, designed to prevent fraud, that one person may not adopt heirs to share in the estate of another person and thereby cut off a contingent remainder contrary to the intention of the testator. (Matter of Walter, 270 N. Y. 201; Matter of Horn, 256 N. Y. 294.) That rule is in no way applicable here where the settlor is herself the adoptive parent. (Pross v. Anson, 273 App. Div. 860.)
In the absence of any indication of a contrary intention and in mew of the legislative policy of placing adopted children on a level with natural-born offspring, it is the opinion of the court *649 that the terms “ issue ” and “ child ” or “ children ” as used in the trust indenture, should be construed to include an adopted child and that the infant, Lisa Barbarita, is entitled to share as an income beneficiary and remainderman.
Settle order.