CHARLES E. WARREN, administrator, in equity,

*vs.*

MARY A. PRESCOTT, and others.

Somerset.    Opinion May 27, 1892.

*Adoption.    Devise.    Lineal Descendant.    Lapsed Legacy.    R. S., c. 67, § 35; c. 74, § 10.*

A legally adopted child is a lineal descendant of its adopting parents within the meaning of the R. S., c. 74, § 10; and, as such, may take a legacy given by will to one of its adopting parents, and thus prevent the legacy from lapsing, when the legatee dies before the testator.

ON REPORT.

This was a bill in equity, brought by an administrator with the will annexed, of Martha H. Wright, to obtain a judicial construction of the will. The essential facts, which were admitted by the respondents to be correctly set forth in the bill, are as follows : The will after providing for the payment of debts, funeral charges and expenses of administration, disposed of the residue of her estate to various relatives, share and share alike, each of the legatees being entitled to one-eleventh part. She named Charles H. Brick, of Augusta, as one of her legatees. He died before the death of the testatrix, leaving no issue of his body, but leaving an adopted daughter, Alice P. Brick.

This child was adopted by Charles H. Brick and his wife, by virtue of a decree of the Probate Court for Kennebec County, made upon regular proceedings, under R. S., c. 67, § 35, at the September term, 1885. The decree of adoption is as follows : " State of Maine.    Kennebec County : In Probate Court, held at Augusta, on the fourth Monday of September, 1885.

" In the matter of the petition of Charles H. Brick, and Mary Emma Brick, his wife, of Augusta in said County, for leave to adopt Alice, a minor child under the age of fourteen years, of

unknown parents, abandoned by them, and now in custody of petitioners; being satisfied of the identity and relations of the parties, of the ability of the petitioners to bring up and educate the child properly, having reference to the degree and condition of said child's parents, and of the fitness and propriety of the adoption prayed for, and written consent to said adoption having been given by H. M. Heath, appointed by the judge to act in the proceedings as the next friend of said child, upon proof that its parents have long since abandoned her and ceased to provide for her support, and that she has no legal guardian and no next of kin in this State.

"Ordered; That from the date hereof, the said child shall be to all legal intents and purposes, for the custody of the person and all rights of inheritance, obedience and maintenance, the child of the aforesaid petitioners, the same as if born to them in lawful wedlock, except that said child shall not inherit property, expressly limited to the heirs of the body of her adopters, nor property from their lineal or collateral kindred by right of representation, and said child shall hereafter take the name of Alice Prescott Brick."

It was admitted by the parties that, unless this adopted daughter took this share of Charles H. Brick under the will, said share became a lapsed legacy, and should be distributed as intestate property. This was the question submitted for the decision of the court.

*Merrill and Coffin,* for plaintiff.

Two questions arise, the determination of either of which adversely to the claim made by Alice P. Brick, will be decisive of this case.

First: Is Alice P. Brick a "lineal descendant" of Charles H. Brick, within the meaning of R. S., c. 74, § 10?

Second: Does the legacy to Charles H. Brick fall within the exception in R. S., c. 67, § 35, which prohibits the adopted child from inheriting property from lineal or collateral kindred of the adopters, by right of representation?

1st. Alice is not a lineal descendant within the meaning of R. S., c. 74, § 10.

The terms "descendants" and "lineal descendants" have uniformly been construed to mean the same as "issue." 2 Red. Wills. 3d ed. p. 77; *Hamlin* v. *Osgood*, 1 Redf. Sur. Rep. 409; *Baker* v. *Baker*. 8 Gray, 101; *Osgood* v. *Lovering*, 33 Maine, 469; *Mowatt* v. *Carow*, 7 Paige Ch. 339.

See also, *Wister* v. *Scott*, 105 Pa. St. 200, where it is said that the word "issue" in legal parlance means lineal descendants.

As bearing upon the construction of this term, we quote R. S., c. 1, § 6, cl. IX. "The word issue as applied to the descent of estates, includes all lawful lineal descendants of the ancestor." Here "lineal descendants," the very term under consideration, are treated as identical with "issue."

In *Morse* v. *Hayden*, 82 Maine, 137, occurs this language: "While the devisee in the case at bar was a relative of the testator, he did not leave any 'lineal descendants,'— that is, any 'issue,' which is synonymous with 'lineal descendants'— hence would not include his mother."

This statute in its original form and in all revisions, these same words, "leaving lineal descendants," are found, and there is no suggestion that they are to bear a different meaning from their ordinary legal signification. Prior to 1880, our law gave an adopted child no rights of inheritance whatever,— that is, no right to inherit from its adopters.

2d. The intention of the legislature, as expressed in R. S., c. 67, § 35, is plain. They meant to give the adopted child the power to take such of the property of his adopters as the latter did not voluntarily divert into other channels, (except property limited to the heirs of the body of the adopters) and nothing more. But property coming from lineal or collateral kindred of the adopters is not to be diverted from its natural course, and cast upon one who is not of their blood. Therefore, an adopted child does not take by right of representation the property of its adopters, relatives, whether descending to them as heirs-at-law, or by devise or bequest. Argument that "inherit," as used in the exception, is to be strictly construed, in the sense of taking as heir, is suicidal; because "inheritance," in the same section, must also be so construed; and it follows that if the claim—

ant cannot take as heir she must take as a sort of statute devisee. *Fisher* v. *Hill,* 7 Mass. 86. In *Sewall* v. *Roberts,* 115 Mass. 262, an adopted child took the fund because the court held that the settlement was to be regarded as made by the foster-father himself.

*Walton and Walton,* for Mary A. Prescott.

Lapsed legacy: R. S., c. 74, § 10; *Kimball* v. *Story,* 108 Mass. 382; 1 Jar. Wills, pages 618–622. By the terms of the decree of adoption, claimant was not to inherit property from the adopters' lineal or collateral kindred by right of representation.

*Heath and Tuell,* for Alice P. Brick.

WALTON, J. The question is whether an adopted child can take a legacy given to one of its adopting parents, and thus prevent the legacy from lapsing, when the legatee dies before the testator. There is no doubt that a child born in lawful wedlock can so take. But, in this particular, does an adopted child possess the same right? We think so. With two exceptions, neither of which is applicable to such a case, an adopted child becomes, "to all intents and purposes, the child of his adopters, the same as if born to them in lawful wedlock." Such is the express language of our statute in relation to the adoption of children. R. S., c. 67, § 35.

The exceptions are, first, that an adopted child shall not inherit property ' expressly limited to the heirs of the body of the adopters; and, secondly, that an adopted child shall not inherit property from their (the adopters') lineal or collateral kindred by right of representation. R. S., c. 67, § 35.

It is plain that neither of these exceptions is applicable to the question now under consideration. They relate to the right to inherit as heirs at law, and not to the right to take under a will. To illustrate, we will suppose that one of the adopting parents is possessed of an estate expressly limited to the heirs of his body. By virtue of the first exception, an adopted child cannot inherit,— that is cannot take as an heir at law,— this estate, or any portion of it. It must go to those to whom it is expressly limited. But an adopted child may rightfully inherit an estate

not so expressly limited. With respect to such an estate, he must be regarded as a child, an heir, and a lineal descendant of his adopting parents, the same as if he had been born to them in lawful wedlock. By force of the second exception, an adopted child cannot be regarded as an heir at law of his adopting parents' kindred. By adoption, the adopters can make for themeslves an heir, but they cannot thus make one for their kindred. To this extent, the two exceptions named operate as a limitation upon the rights of an adopted child. But in all other particulars, he is the child, the heir, and a lineal descendant of the adopting parents, to all intents and purposes, the same as if he had been born to them in lawful wedlock. And within the rights and powers thus conferred upon him, and without infringement of either of the exceptions referred to, an adopted child may take a devise or legacy given by will to one of his adopting parents, and thus prevent the devise or legacy from lapsing, in case the parent dies before the testator, precisely the same, and with the same limitations, as if he were a child born to such parent in lawful wedlock.

In such a case, a child born in lawful wedlock does not "inherit" the devise or legacy from his parents' kindred. One who takes under a will does not "inherit." To inherit is to take as an heir at law, by descent, or distribution. To take under a will is not to inherit. And when an adopted child takes a legacy given by will to one of his adopting parents, he does not take as an heir at law of the parent's kindred. He does not "inherit" the legacy from the testator. He takes as a lineal descendant of the legatee, by force of the statute. R. S., c. 74, § 10. Not as a lineal descendant by birth; but as a statutory lineal descendant; and as lawfully in the line of descent as if he were placed there by birth.

It is as competent for the legislature to place a child by adoption in the direct line of descent as for the common law to place a child by birth there. And that is precisely what the legislature has done, and what it undoubtedly intended to do, when in strong and emphatic language, it declared that a legally adopted child becomes to all intents and purposes, the child of the

adopters, the same as if he were born to them in lawful wedlock, with the two exceptions named, neither of which, as we have already seen, is applicable to such a case. This conclusion is, in our judgment, as indisputable as a mathematical demonstration. We cite, not as directly in point, but as having a bearing on the question, *Ross* v. *Ross*, 129 Mass. 243 (37 Am. Rep. 321), and *Humphries* v. *Davis*, 100 Ind. 274 (50 Am. Rep. 788).

Our opinion, therefore, is, that Alice P. Brick, the adopted daughter of Charles H. Brick, is entitled to the estate, real and personal, given to the latter by the will of Martha H. Wright, and which the said Charles H. Brick would have taken if he had survived the testatrix. And, as the question was new, and the parties seem to have acted in good faith in taking the opinion of the court, the costs of the litigation, including moderate counsel fees, may be paid by the administrator, and charged to the estate in his administration account.

*Bill sustained.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY AND HASKELL, JJ., concurred.