R. I. Hospital Trust Company *vs.* Sarah L. Humphrey *et al.*

MAY 25, 1911.

Present: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Adoption.*

The status of an adopted child depends upon the statute of adoption.

(2)  *Adoption.  Inheritance.*

Pub. Stat. (1882) cap. 164, § 7, of adoption, provided that a child so adopted shall be deemed for the purposes of inheritance the child of the parents by adoption, except that he shall not be capable of taking property expressly limited to the heirs of the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation.

Testator bequeathed the income of a trust fund to his sister A. for life, with provision for distribution of the principal upon the death of A. to his then surviving next of kin, according to the statutes of distribution.  Subsequent to decease of testator A. adopted B.:—

*Held*, that the property being from the collateral kindred (brother) of the mother by adoption, B. came within the disabilities of the statute, preventing her from inheriting any portion of the fund.

BILL IN EQUITY.  Heard on certification under Gen. Laws, cap. 289, § 35.

DUBOIS, C. J.  This is a bill in equity, involving the construction of the will of Alexander Hawkins, late of Providence, deceased, certified to this court from the Superior Court as being ready for hearing for final decree, under the provisions of Gen. Laws, 1909, cap. 289, § 35.

It appears that said Alexander Hawkins died on the eleventh day of December, 1894, leaving a last will, which, on the eighth day of January, 1895, was duly admitted to final probate, and now remains of record, in the Municipal Court of said city of Providence.

That in and by his said will the said Alexander Hawkins made the following bequest:  "To said Rhode Island Hospital Trust Company twenty-five six per cent. bonds of the State of North Carolina payable in 1919 together of the par value of twenty-

five thousand dollars, in trust, to pay the net income thereof, as often at least as once in every six months, to my sister Ann, wife of George W. Humphreys, of said Providence for her own sole and separate use, and without the power on her part to alienate or anticipate the same during her life; and upon her death to pay out, divide and distribute the principal of this trust fund to and among my own then surviving next of kin according to the statutes of distribution of intestate estates then in force in this state, and in the proportions and shares that they would then be entitled to the same from me according to the same statutes had I then deceased intestate possessed of the same."

That said Ann Humphreys—generally known as Annie S. Humphrey—died at Warwick, in this State, on the twentieth day of June, 1909, testate, without leaving any issue of her body; but leaving surviving her the respondent, Sarah L. Humphrey, who, by virtue of a decree, of the Municipal Court of the city of Providence, exercising probate jurisdiction, entered on the twelfth day of April, 1895, was adopted by the said Annie S. Humphrey and her husband, since deceased, as their daughter. Said Sarah L. Humphrey claims "that as such adopted daughter she is one of the next of kin of the said Alexander Hawkins, and as such is entitled to a distributive share in the trust fund in said bill referred to, to wit, to a one-sixth ($\frac{1}{6}$) share thereof."

It is to be noted that the respondent Sarah L. Humphrey makes no claim of kinship by consanguinity to the testator, Alexander Hawkins, but bases her contention solely upon her status as the daughter by adoption of the said Annie S. Humphrey and her husband. This presents the following question for our determination: Did Annie S. Humphrey, the sister of the testator, artificially increase the number of *his next of kin*, after his decease and the probate of his will, by the adoption of a child?

(2) The statute, under whose provisions the adoption was effected, is Pub. Stats. (1882) cap. 164 (substantially re-enacted in Gen. Laws, 1909, cap. 244) which, after prescribing the

procedure to be followed, by petitioners thereunder, to obtain a decree of adoption, and the conditions under which the decree may be made, defines the effect of such decree upon the property rights of the adopted child, as follows: "Sec. 7. A child so adopted shall be deemed, for the purposes of inheritance by such child and all other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock, except that he shall not be capable of taking property expressly limited to the heirs of the body or bodies of the parents by adoption, nor property from the lineal or collateral kindred of such parents by right of representation." The foregoing statute was first introduced into this State as Pub. Laws, cap. 627, passed March 26, 1866, and its provisions are almost identical with those contained in Mass. Gen. Stats. (1860) cap. 110, sections 1 to 10, inclusive, and section 13. The last named statute was construed by the Supreme Court of Massachusetts in the case of *Sewall* v. *Roberts*, 115 Mass. 262, 276: "This language is very broad and comprehensive, and it was manifestly the intention of the legislature to provide that, with the exceptions named, the adopted child should, in the words of the sixth section, 'to all intents and purposes be the child of the petitioner.' The adopted child, in this case, therefore, in construing her father's settlement, must be regarded in the light of a child born in lawful wedlock, unless the property disposed of by the settlement falls within one of the exceptions. It is true that if she takes under the settlement, the property does not come to her by inheritance, but it comes to her as one of the legal consequences and incidents of the natural relation of parents and children. Does it fall within either exception of the statute? It cannot be claimed that it falls within the last exception as property from the kindred of the parents by right of representation." The court found that it was not property limited to the heirs of the body or bodies of the parents by adoption, and that the words "heir of the body" is a well established technical term, and that under the statutes of Massachusetts, technical words and phrases which

have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning, unless it is inconsistent with the manifest intent of the legislature or repugnant to the context, citing Gen. Stats. cap. 3, § 7. The court also found that the legislature intended to use the phrase "heirs of the body or bodies" in its primary technical sense and that the terms of the settlement in dispute do not limit the estate expressly to the heirs of the body of the settlor. In the case of *Hartwell* v. *Tefft,* 19 R. I. 644, this court said in reference to the predecessor of the statute now under consideration: "In Maine, under a statute similar to ours, it was held in *Warren* v. *Prescott,* 84 Me. 483, that the exception relates only to an *inheritance* as an heir of the body. The reasoning is that where an estate is limited to one and the heirs of his body, it must go to those to whom it is expressly limited, and that an adopted child, although he is to be regarded as a child, an heir, and a lineal descendant of his adopting parents, does not answer the description of an heir of the body, and so he cannot take the property out of the line to which it was limited. An adopted child is put, by the statute, into the *status* of a child, issue or lineal descendant, but not that of an heir of the body. Hence, as to a legacy, when a legatee dies before the testator, leaving an adopted child, such child answers the description of a lineal descendant, who may take the legacy under a statute which prevents legacies from lapsing when the legatee leaves lineal descendants. The reasoning seems to be conclusive. It is the same result that was reached in *Sewall* v. *Roberts,* 115 Mass. 262, although the reasoning in the latter case is not so fully and clearly set forth as in the former. The court holds that the words "heirs of the body" are used in their primary technical sense, with which the words children and issue are not equivalent terms. See also *McGunnigle* v. *McKee,* 77 Pa. St. 81."

In the case at bar the property disposed of by the will clearly falls within one of the exceptions. It is property from the collateral kindred (brother) of the mother by adoption of the respondent, Sarah L. Humphrey. If she takes the property at

all it comes to her by inheritance, and she takes it by right of representation. She cannot prove the kinship that she claims to the testator except as the daughter of her adoptive mother. The case is very different than it would have been if the property had come to the possession of her mother by adoption during life, there would have been no question of her right to inherit in such a case; but her said mother only had the income of the trust fund for life, the title to the same remaining in the trustee, and so it never could come into her possession. Even if the respondent aforesaid had been in fact the child of the body of her adoptive mother and was now claiming an interest in the corpus of the trust fund she would still be claiming property from the collateral kindred of such parent by right of representation, which under such supposed circumstances she would have a perfect right to do. As it is she may be said to be next of kin to her adopted parents for certain purposes, but the law does not at present extend the kinship to other kin of such parents who can not be made parties to the adoption and are not to be bound thereby. In other words, the status of an adopted child depends upon the statute of adoption. If the legislature had seen fit to pass the statute without exceptions there would be no difference between children born to or adopted by their parents, but it is to be presumed that the legislature intentionally inserted the exceptions alluded to, and they are entitled to be considered as in full force, and they mark the difference between children born in wedlock and adopted children. The respondent in question comes within the disabilities of the latter class which will prevent her from inheriting any portion of the fund in question.

In the circumstances of the case we are of the opinion that neither party should recover costs.

A form of decree may be submitted in accordance with the foregoing for approval.

*James Tillinghast*, for complainant.

*Barney & Lee*, for respondent, Sarah L. Humphrey.