Hillsborough, }
   Jan. 7, 1913. }

CLARK, *Guardian*, v. CLARK & a.

A legally adopted child is an heir in the descending line of its adopting parents,
   within the meaning of section 12, chapter 186, Public Statutes, and as such may
   take a legacy given to one of its adopting parents, in the event of the legatee's
   decease during the lifetime of the testator.

PETITION, by a guardian, for advice as to the rights of her
wards under the will of Noah S. Clark. The facts were found,
and the case transferred without ruling from the September term,
1912, of the superior court, by *Pike*, J.

*Jones, Warren, Wilson & Manning*, for the petitioner.

*George I. Haselton*, for Hazel M. Clark.

*Harry W. Spaulding*, for Leola M. Clark.

PEASLEE, J. The legatee, Charles C. Clark, died during the
lifetime of the testator, leaving a natural daughter and an adopted
one. The guardian of the two daughters seeks advice as to the
rights of her wards in respect to the legacy.

The statute of adoption was enacted in 1862 (Laws 1862,
c. 2603) and contained, in substance, the provision here relied upon:
"The child so adopted shall bear the same relation to his adopting
parents and their kindred in respect to the inheritance of property
and all other incidents of the relation of parent and child as he
would if he were the natural child of such parents, except he shall
not take property expressly limited to the heirs of the body or
bodies of the adopting parents." P. S., c. 181, s. 5.

At the time this statute was enacted, the statute of wills con-
tained its present provision touching lapsed legacies: "The heirs
in the descending line of a legatee or devisee, deceased before the
testator, shall take the estate bequeathed or devised, in the same
manner the legatee or devisee would have taken it if he had sur-
vived." P. S., c. 186, s. 12. The question is whether the adopted
daughter is an heir in the descending line, within the meaning of
this act.

While it is true that in the present instance the claimed right

of the adopted child is not an inheritance, but rather a statutory extension of the law as to who are beneficiaries under a will, enacted for the better carrying out of the testator's intention (*Campbell* v. *Clark*, 64 N. H. 328), yet the statutory test for the right to so take is the quality of heirship in the descending line. It is settled that in this state the adoption of a child is not an equivalent for the birth of issue in determining the rights of a surviving husband or wife. *Murdock* v. *Murdock*, 74 N. H. 77; *Morse* v. *Osborne*, 75 N. H. 487. But these cases are not determinative of the present question.

The statute giving the right here claimed being in force when that governing adoption of children was enacted, the question is whether the legislature used language broad enough to manifest an intent that adopted children should become heirs in the descending line, within the meaning of the earlier statute. This precise question has been considered in another jurisdiction, and the conclusion was in favor of the adopted child. "He takes as a lineal descendant of the legatee by force of the statute. . . . Not as a lineal descendant by birth, but as a statutory lineal descendant, and as lawfully in the line of descent as if he were placed there by birth." *Warren* v. *Prescott*, 84 Me. 483, 487. It seems more probable that this was the legislative intent. While it was not the purpose to make adoption in all respects equivalent to the birth of a natural child, it was to have that effect in regard to certain rights and duties. The provision that he "shall bear the same relation to his adopting parents and their kindred in respect to the inheritance of property and all other incidents pertaining to the relation of parent and child" as a natural child, is not given its full effect if its application in the present case is denied. The declared intent was that, as to the inheritance of property and all other incidents of the relation created, the adopted child should have all the rights of a natural child. The right to this legacy being one of the incidents of the natural relation, it belongs also to that created by act of the parties pursuant to the statute.

Whatever view is taken of the collateral effect of an adoption, it is evident that, so far as the capacity of the child to take as heir or statutory successor in right of the parent is concerned, there is no difference between the natural and the adopted child, save only in the specifically excepted case of an estate tail.

The common law did not recognize adoption as creating any legal rights, while the civil law did. It therefore seems reasonable

to look to the civil law for light upon the subject.   Under that system, the adopted child had all the rights of a natural one; and such has been the holding under the various American statutes, excepting only such rights as the statute in question by its terms excludes.   *Power* v. *Hafley*, 85 Ky. 671, and cases cited.

The provision as to "property expressly limited to the heirs of the body or bodies of the adopting parents" has no application. There was no limitation upon the bequest here involved; and if Charles C. Clark had outlived the testator, the adopted daughter would have inherited equally with her foster sister.

The guardian is advised that her wards share equally in the property bequeathed to Charles C. Clark.

*Case discharged.*

All concurred.