In re Estate of Ada H. Harmount, Deceased.
Howard S. Michael et al., Appellants, v. John Dodson
Michael and Marshall Palmer Michael, Appellees.

Gen. No. 44,550.

Opinion filed January 24, 1949.    Released for publication February 4, 1949.

ECKHART, KLEIN, McSWAIN & CAMPBELL and ECKERT & PETERSON, all of Chicago, for appellants; JOHN NEAL CAMPBELL, JOHN R. PORTER and M. A. PALUMBO, all of Chicago, of counsel.

POPE & BALLARD, of Chicago, for appellees; BEVERLY B. VEDDER and WALTER I. DEFFENBAUGH, both of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

Ada H. Harmount died testate January 7, 1946, leaving the residue of her estate equally to four sons: Edward, Ralph, Howard and Lester. The latter, who predeceased the testatrix, left as his heirs-at-law two adopted children, John Dodson Michael and Marshall Palmer Michael. The heirs-at-law of the testatrix, in addition to her three sons, were two grandchildren, Robert Michael and Justine Michael Nantelle, children of Lawrence, a deceased son. No provision was made in the will for the contingency of a legatee or legatees predeceasing testatrix. The adopted children of

Lester filed a petition in the probate court alleging themselves to be entitled to the portion of said estate given by the will to their adoptive father. The executor of Ada Harmount's estate and the children of testatrix's son, Lawrence, filed an answer to the petition alleging that Lester's share should be distributed to the heirs-at-law of the testatrix. The probate court of Cook county, and on appeal the circuit court of Cook county, ordered distribution to the adopted children. This appeal is taken from that order of the circuit court.

Petitioners (the adopted children) contend that adopted children are the descendants of their adoptive parents and that they as such are entitled to take the share devised to their adoptive father, Lester, which otherwise would pass as intestate property.

Respondents (heirs-at-law of the testatrix) contend that the adopted children are not descendants of their adoptive father, Lester, for the purpose of taking from the testatrix, the mother of their adoptive father.

The answer to the respective contentions is to be found in the application of the law as set forth in sections 14 and 49 of the Illinois Probate Act (Ill. Rev. Stat. 1947, ch. 3, pars. 165, 200 [Jones Ill. Stats. Ann. 110.261, 110.297]). Section 49 provides:

"Devise or Legacy to Deceased Descendant.) When a devise or legacy is to a descendant of the testator who dies before the testator and there is no provision in the will for that contingency, the descendants of the devisee or legatee take per stirpes the estate so devised or bequeathed and if there is no descendant of the devisee or legatee, living at the time of the death of the testator, the estate so devised or bequeathed descends and shall be distributed as intestate estate."

Under this section, unquestionably an adopted child takes the share of its deceased parent if an adopted child is to be regarded as a descendant of its adoptive parent. Section 49 does not specify whether or not

adopted children are descendants of adopting parents, and reference must be had to section 14 for the answer to that question, the pertinent part of which section is as follows:

"Adopted Child and Adopting Parent.) A child lawfully adopted is deemed a descendant of the adopting parent for purposes of inheritance, except that the adopted child shall not take property from the lineal or collateral kindred of the adopting parent per stirpes or property expressly limited to the body of the adopting parent."

We conclude from the reading of this section that an adopted child is the descendant of the adopting parent for all purpose of inheritance except that the adopted child shall not take (1) property from the lineal or collateral kindred of the adopting parent *per stirpes,* or (2) property expressly limited to the body of the adopting parent. We are here concerned with a consideration of the first exception.

It is clear under said section that an adopted child may not inherit from the ancestors of his adopting parent. This was true before the enactment of the Probate Act and has not been changed by its enactment. If the testatrix in this case had died intestate, obviously the adopted children could not have inherited any of the decedent's estate that their adopting father, Lester, would have inherited had he survived his mother. The petitioners are not heirs of and cannot inherit from the testatrix. It is equally true, and for the same reason, that the adopted children could not have inherited from their adoptive father's ancestor under the Descent Act before the Descent Act was incorporated in the Probate Act.

As we view this matter, however, the adopted children are not seeking to take property *from the mother of their adoptive father* but are seeking to take as *substituted legatees* that share which had been given by will to their adopting father and which by virtue of

his death prior to that of the testatrix he was unable to take.

■■ Respondents argue that the adopted children are seeking to take through the ancestor of their deceased father. We cannot agree with this contention. While it is true that the children are seeking to take property which had its origin in the estate of the adopting father's deceased ancestor, the adopted children are taking by virtue of a statute which creates in them an original right by virtue of their substitution for the legatee who predeceased the testatrix. As we view section 49 of the Probate Act it is not a statute of descent but is rather a statute which narrows the circumstances under which legacies shall lapse.

■ Respondents argue that prior to the adoption of section 49 of the Probate Act adopted children, under circumstances similar to those existing here, could not have inherited from their adoptive father's mother either under the Descent Act or under the Adoption Act before these Acts were incorporated in the two quoted sections of the Illinois Probate Act. They urge further that it was not the intention of the legislature to enlarge upon the rights of adopted children to take property from or through the lineal ancestors of the adoptive parent. Regardless of the state of the law prior to the adoption of the Probate Act, the fact remains that section 49, considered in connection with section 14, leaves no room for an interpretation which would involve legislative intention. It appears manifest that if adopted children are descendants, then they are entitled to the benefits of the provisions of section 49 which permit them to be substituted to the rights of the adoptive parents, thereby preventing intestacy. That they are descendants appears from section 14 which restricts their right to fit into such classification only where they would take either by inheritance or by representation (*per stirpes*) from the ancestor of the deceased adoptive parent. In this case we hold that they are taking

neither by inheritance nor by representation (from the testatrix), but are taking by virtue of section 49 as the descendants of their adoptive father.

While this question has not been squarely passed upon in this State, there is considerable authority to the effect that adopted children are to be considered, so far as their adoptive parents are concerned, upon the same footing as natural children. In the case *In re Estate of Tilliski,* 390 Ill. 273, wherein was considered the right of an adopted child to inherit from its natural parents as their descendant, although under the statutes such child was also the descendant of his adopting parents, the court said at page 280:

". . . Before the Probate Act was adopted, the conditions under which children, illegitimate children, posthumous children and adopted children might inherit were provided by separate statutes. The provisions made by law for these classes of children are now to be found in the Probate Act in sections 11, 12, 13 and 14, respectively. Under these provisions the child takes as a descendant of its parents; the illegitimate as a descendant of its mother or maternal ancestors; the posthumous as descendant of his ancestor, and the adopted as descendant of his adopting parents. . . ."

In *Flannigan v. Howard,* 200 Ill. 396, it was held that an adopted child was a child within the meaning of section 10 of the Statute of Descent providing that if a child is born to a testator after his will is made and there is no provision for such child and no intention to disinherit it appears, the legacies and devises shall be abated to raise an amount equal to that which the child would have received had the parent died intestate. The court, in discussing the relationship between the adopted child and the adopting parent, after quoting section 5 of the Adoption Act, said (pp. 401, 402):

"By this section an adopted child, for the purpose of inheritance and other legal consequences and incidents of the natural relation of parents and children,

is declared to be, in law, the child of the parents, the same as if he had been born to them in lawful wedlock, except as therein stated. By the plain and unambiguous language of the statute the right of plaintiff in error to inherit from Bridget Howard is made identical with the right of a child born to her, and when plaintiff in error became her child by adoption after the making of the will, the effect, in law, was precisely the same as the birth of a child to the testatrix. The argument against the rights of plaintiff in error is solely on the ground that she was not, as a matter of fact, born to the testatrix, and therefore not the sort of a child mentioned in the Statute of Descent. This argument would apply with equal force to other sections of the same act which provide for the descent of intestate property to children of the decedent, making no reference to children by adoption. By accepted definitions a child is the immediate progeny of human parents, and in its natural meaning the word applies to offspring born to such parents. By the statute, however, the relation of parent and child is recognized and declared as legally existing between persons not so related by nature. The Statute of Descent does not, in any case, mention this legal relation of an adopted child and the adopting parent, but the right of the adopted child is fixed by the act providing for adoption, which creates, in law, the relation of parent and child. The purpose of section 10 of the act in regard to descent is to give to a child who shall come into existence after the making of a will, and who would inherit but for the will, the same rights it would have if the estate were intestate, where no provision is made in the will for such child and no contrary intention is expressed in the will. The act says that if a child shall be born to a testator after the making of a will such child shall have the rights of inheritance therein specified, and the act providing for the adoption declares that the adopted child shall have the

same right as a child born to such testator. So far as inheritance is concerned, the adopted child is to be deemed the child of the testator, precisely the same as though born to the testator. . . ."

Containing similar language are *Ryan v. Foreman,* 262 Ill. 175, and *Hopkins v. Gifford,* 309 Ill. 363.

The question presented here was directly raised in the case of *Warren v. Prescott,* 84 Me. 483, 24 Atl. 948, where the statute (Revised Statutes of Maine, 1884, ch. 74, sec. 10) provided: "When a relative of the testator, having a devise of real or personal estate, dies before the testator, leaving lineal descendants, they take such estate as would have been taken by such deceased relative if he had survived." In that case the legatee, a relative of the testator, predeceased the testator, leaving an adopted daughter, but no natural child or descendant of a natural child. In holding that the adopted daughter took the legacy, the court said (p. 486):

"The question is whether an adopted child can take a legacy given to one of its adopting parents, and thus prevent the legacy from lapsing, when the legatee dies before the testator. There is no doubt that a child born in lawful wedlock can so take. But, in this particular, does an adopted child possess the same right? We think so. With two exceptions, neither of which is applicable to such a case, an adopted child becomes, 'to all intents and purposes, the child of his adopters, the same as if born to them in lawful wedlock.' Such is the express language of our statute in relation to the adoption of children. R. S., c. 67, § 35.

"The exceptions are, first, that an adopted child shall not inherit property expressly limited to the heirs of the body of the adopters; and, secondly, that an adopted child shall not inherit property from their (the adopters') lineal or collateral kindred by right of representation. R. S., c. 67, § 35."

In the case of *In re Buell's Estate,* 167 Ore. 295, 117 P. (2d) 832, the statute there provided (p. 298): " 'When any estate shall be devised to any child, grandchild, or other relative of the testator, and such devisee shall die before the testator, leaving lineal descendants, such descendants shall take the estate, real and personal, as such devisee would have done in case he had survived the testator.' " In that case the testatrix by will left her entire estate to her sister, who predeceased her, leaving no natural child or descendant of a natural child but an adopted daughter. The question was whether the adopted daughter of the deceased sister of the testatrix took the estate under the statute. It was held that she did. The adoption statutes contained provisions similar to the provisions of sections 3 and 5 of the Illinois Adoption Act of 1874. The court said (pp. 300, 301):

"Unlike the provisions in many states, the Oregon statute extends to adoptees the rights of natural children in the most comprehensive and unambiguous terms. The right of inheritance from an adoptive parent who dies intestate is clearly granted.

" 'A child so adopted shall be deemed, for the purposes of inheritance of such child, . . . the child of the parents by adoption . . . .'

"No further words were necessary to accomplish that end. No statute whatever was necessary to entitle an adopted child to take property specifically devised to him by will. Yet the legislature provided further, that the adoptee shall be deemed, for the purposes of inheritance, *'and all other legal consequences and incidents of the natural relation of parents and children, the child . . . the same as if he had been born to them by lawful wedlock; . . . '* 5 O. C. L. A. § 63–407.

"The legislative purpose must be to invest adopted children with rights additional to the right of inheritance in the event of intestacy or the right to take as

a named devisee. Again, the language is not that they shall have rights *similar* to those of natural children; on the contrary, it is provided that an adoptee *shall be deemed the child* as if born by lawful wedlock. He shall 'to all legal intents and purposes, *be the child of the petitioner.*' "

To the same effect are *In re Moore's Estate,* 7 Cal. App. (2d) 722, 47 P. (2d) 533; *In re Tibbett's Estate,* 48 Cal. App. (2d) 177, 119 P. (2d) 368; *Dean v. Smith,* 195 Ark. 614, 113 S. W. (2d) 485; *Clark v. Clark,* 76 N. H. 551, 85 Atl. 758; *In re Horvath's Estate,* 155 Misc. 734, 279 N. Y. S. 189; *Matter of Walter's Estate,* 270 N. Y. 201, 200 N. E. 786.

We are in accord with the reasoning of these cases, and it is our conclusion that petitioners are descendants of their adoptive father, Lester Michael, and as such are entitled under section 49 of the Illinois Probate Act to take the share willed to him by his mother and which otherwise because he predeceased his mother would lapse. Therefore, the decree of the circuit court is affirmed.

*Affirmed.*

FEINBERG, P. J., concurs.

NIEMEYER, J., specially concurring: Petitioners are descendants of their deceased adopting parent under section 49 of the Probate Act. Their status as such descendants is created by section 4–1, subparagraph 5 of the Adoption Act [Jones Ill. Stats. Ann. 19.012(14), subpar. (5)], and not by section 14 of the Probate Act as held by the majority of the court. Subparagraph 5 of section 4–1 is practically identical with section 3 of the Adoption Act of 1874, which it superseded. It makes an adopted child, "to all legal intents and purposes," the child of the adopting parents, thereby investing him with all the rights of a natural child or descendant of the adopting parents. Section 14 of the

Probate Act is a continuation of section 5 of the Adoption Act of 1874, with the word "descendant" substituted for "child." It lessens the rights of an adopted child under section 4–1 of the present Adoption Act. It makes an adopted child a descendant of the adopting parent "for purposes of inheritance" only, but denies him the right of inheritance of a natural child in respect to property descending from the lineal or collateral kindred of the adopting parent or property expressly limited to the body of such parent. Section 49 of the Probate Act is, in effect, a continuation of section 11 of the former statute of descent (Laws 1871–1872 page 352), with the word "descendant" substituted for the words "child or grandchild" and "issue." It is what is sometimes called an anti-lapse statute, enacted for the purpose of preventing property becoming intestate property through the lapse of a devise or legacy to a descendant of the testator who predeceases him. The descendant who takes a devise or legacy of his deceased ancestor under section 49, does not take intestate property but as a substituted devisee or legatee. The general rule is stated in *Warren v. Prescott*, 84 Me. 483, cited in the majority opinion. In considering statutes substantially the same as those of Illinois, the court said: ". . . when an adopted child takes a legacy given by will to one of his adopting parents, he does not take as an heir at law of the parent's kindred. He does not 'inherit' the legacy from the testator. *He takes as a lineal descendant of the legatee, by force of the statute. . . . Not as a lineal descendant by birth; but as a statutory lineal descendant; and as lawfully in the line of descent as if he were placed there by birth.*" (Italics mine.) Since an adopted child taking property under section 49 does not take by inheritance, it necessarily follows that his status as a statutory descendant cannot be controlled by a statute limited to defining his rights of inheritance. This is clearly

stated in *In re Buell's Estate,* 167 Ore. 295, also cited in the majority opinion. In determining the right of an adopted child to take property devised and bequeathed to her deceased adopting parent, as a lineal descendant of such parent, under statutes substantially similar to ours, the court said (pages 312–313) : ''The decision in the instant case depends upon the construction of the adoption and anti-lapse statutes and not upon the statutes concerning intestate succession.'' Section 4–1, subparagraph 5 of our Adoption Act made petitioners, ''to all legal intents and purposes,'' the children of their deceased adopting parent. They were, therefore, under *Warren v. Prescott,* and *In re Buell's Estate, supra,* and other cases consistent therewith cited in the majority opinion, statutory descendants of their deceased adopting parent under section 49 of the Probate Act.